JOHN J. SAVAGE, ESQ.
Nevada Bar. No. 11455
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
jjs@h2law.com

*Counsel for Defendant/Counterclaimant Ringcaptcha, Inc.*

Howard & Howard

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INFOBIP, LTD., a United Kingdom Private Limited Company,<br><br>Plaintiff,<br><br>vs.<br><br>RINGCAPTCHA, INC., a foreign Delaware Corporation, and DOES 1 through 10,<br><br>Defendant. | Case No. 2:22-cv-01244-APG-BNW<br><br>**DEFENDANT RINGCAPTCHA'S ANSWER TO COMPLAINT AND COUNTERCLAIM** |
| RINGCAPTCHA, INC., a foreign Delaware Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>INFOBIP, LTD., a United Kingdom Private Limited Company; DOES 1 through 20, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Counterdefendants. | |

Defendant Ringcaptcha, Inc. ("Defendant"), by and through its counsel of record, Howard & Howard Attorneys PLLC, hereby files its Answer to Plaintiff's Complaint as follows:

/ / /

/ / /

Howard & Howard

## JURISDICTION

1. The allegations in Paragraph 1 consist of legal conclusions and therefore no response is required. To the extent a response is required, Defendant admits this Court has jurisdiction over Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 1, and therefore denies the same.

## PARTIES

### PLAINTIFF

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2, and therefore denies the same.

### DEFENDANT

3. Defendant admits the allegations set forth in Paragraph 3.

## STATEMENT OF FACTS

4. Defendant admits the allegations set forth in Paragraph 4.

5. Defendant denies the allegations set forth in Paragraph 5.

6. Defendant admits Plaintiff tendered a demand on or before October 30, 2020, but denies the remainder of the allegations set forth in Paragraph 6.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7, and therefore denies the same.

8. Defendant denies the allegations set forth in Paragraph 8.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

9. Answering Paragraph 8, Defendant repeats and realleges its answers to each and every other Paragraph as though fully set forth herein.

10. The allegations in Paragraph 10 consist of legal conclusions and therefore no response is required. Additionally, the document referenced in Paragraph 10 speak for itself. To the extent a further response is required, Defendant is without sufficient knowledge or information

Howard & Howard

to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore denies the same.

11. The allegations in Paragraph 11 consist of legal conclusions and therefore no response is required. Additionally, the document referenced in Paragraph 11 speak for itself. To the extent a further response is required, Defendant admits Plaintiff tendered a demand on October 30, 2020, but denies the remainder of the allegations set forth in Paragraph 11.

12. Defendant denies the allegations set forth in Paragraph 12.

13. The allegations in Paragraph 13 consist of legal conclusions and therefore no response is required. Additionally, the document referenced in Paragraph 13 speak for itself. To the extent a further response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies the same.

14. Defendant denies the allegations set forth in Paragraph 14.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state valid causes of action against Defendant.

2. Plaintiff Infobip, Ltd. ("Plaintiff") lacks standing as it has not suffered any injury.

3. The claims asserted are barred by waiver, laches, estoppel, and/or unclean hands.

4. Plaintiff's claims are barred due to the fraud and deceit on the part of Plaintiff.

5. Plaintiff failed to mitigate its damages, if any.

6. Whatever damages were sustained by Plaintiff, if any, were caused in whole or in part or were contributed to by Plaintiff's own actions.

7. Plaintiff's claims are barred by the doctrine of anticipatory repudiation.

8. Plaintiff's claims are barred to the extent they resulted from undue influence, duress, or exploitation.

9. Plaintiff's claims are barred due to Plaintiff's failure to act in good faith or deal fairly with Defendant.

10. Plaintiff's claims are barred due to Plaintiff's breaches of fiduciary duties to Defendant.

Howard & Howard

11. Plaintiff suffered no damage and therefore are not entitled to any relief.

12. Defendant has not breached any contract.

13. Defendant was justified in their failure to perform, if any.

14. Plaintiff's claims are barred as a result of an invalid modification.

15. Defendant at all times herein acted reasonably and in good faith in discharging their obligations and duties, if any.

16. Defendant acted in conformity with the law and with reasonableness in discharging their duties.

17. Plaintiff has received everything it was entitled to receive from its agreement(s) with Defendant.

18. Defendant has properly and legally fulfilled their duties and obligations, if any, to Plaintiff.

19. Plaintiff's claims, and each of them, are barred, in whole or in part, by the doctrines of mistake, excuse and/or nonperformance.

20. Plaintiff's claims are barred by Plaintiff's ratification and confirmation.

21. Defendant performed on their part, each and every term and conditions owed by them to Plaintiff.

22. Plaintiff breached multiple provisions of the applicable agreements prior to any alleged breach by Defendant.

23. Plaintiff's damages are speculative, and not foreseeable within the terms of the agreements, if any, between the parties.

24. Defendant has been forced to retain the services of an attorney to defend this action and therefore entitled to an award of reasonable attorneys' fees and costs.

25. Defendant is entitled to withhold payment until its good faith disputes are resolved pursuant to the governing contract[s].

26. The governing contracts were adhesion contracts.

27. The governing contracts were unconscionable and vague.

28. All possible affirmative defenses may not have been alleged herein insofar as

Howard & Howard

sufficient facts were not available after reasonable inquiry upon the filing of this Answer, and therefore, Defendant reserves the right to amend their Answer to allege additional affirmative defenses if subsequent investigation so warrants.

**WHEREFORE**, Defendant request relief as follows:

1. Dismissal with prejudice of Plaintiff's Complaint;
2. Costs and attorneys' fees incurred in connection with this action;
3. Pre and post judgment interest on all amounts awarded; and
4. Any other such relief as the Court deems just and equitable.

DATED this 9th day of September, 2022.

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ *John J. Savage*
JOHN J. SAVAGE, ESQ.
Nevada Bar No. 11455
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
jjs@h2law.com

*Counsel for Defendant/Counterclaimant Ringcaptcha, Inc.*

## COUNTERCLAIM

Counterclaimant Ringcaptcha, Inc. ("Ringcaptcha"), by and through their counsel of record, Howard & Howard Attorneys PLLC, hereby files this Counterclaim against Counterdefendant Infobip, Ltd. ("Infobip") and allege as follows:

## PARTIES

1. Infobip is, and at all times material hereto was, a private limited liability company registered in the United Kingdom with its principal registered office situated in London, England.

2. Ringcaptcha is, and at all times material hereto was, a corporation registered in the State of Delaware with its principal place of business at 5940 South Rainbow Blvd., Suite 400, Las Vegas, Nevada 89118.

Howard & Howard

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Infobip because Infobip filed suit against Ringcaptcha in Clark County, Nevada, and as such, Infobip has sufficient minimum contacts with this forum and has consented to jurisdiction such that the exercise of personal jurisdiction over them will not offend the traditional notions of fair play and substantial justice.

4. Venue is proper in Clark County, Nevada, because Ringcaptcha's principal place of business is in Clark County, Nevada and Infobip filed suit against Ringcaptcha in Clark County, Nevada, thereby waiving any contractual provision providing for venue in London.

## GENERAL ALLEGATIONS

5. Ringcaptcha entered into the Messaging Services Agreement with Infobip, which is attached to Infobip's Complaint as Exhibit 1, on or about July 24, 2017 (the "First Agreement").

6. Ringcaptcha entered into the Messaging Services Agreement with Infobip, which is attached to Infobip's Complaint as Exhibit 2, on or about January 11, 2019 (the "Second Agreement").

7. The nearly identical First Agreement and Second Agreement (collectively hereinafter the "Subject Agreements") were adhesion contracts drafted by Infobip with terms that disproportionately favored Infobip, which terms Ringcaptcha had little to no ability to meaningfully negotiate. The Subject Agreements were essentially presented by Infobip to Ringcaptcha as "take it or leave it."

8. The spirit, intent, and purpose of the Subject Agreements was to enable Ringcaptcha to provide SMS services to its customers at fair and reasonable rates.

9. During the negotiations and performance of the Subject Agreements, Infobip had substantially more power than Ringcaptcha as Infobip had the direct relationships with various Network Operators and/or governments. The SMS services to be provided under the Subject Agreements, and by extension, facilitated to Ringcaptcha's customers depended upon Infobip's relationships with various Network Operators and/or governments, including without limitation Infobip's knowledge and/or influence regarding those Network Operators and/or governments setting SMS prices and/or related policies.

10. Ringcaptcha reasonably relied on its relationship with Infobip and trusted that Infobip would act in the best interests of Ringcaptcha to allow Ringcaptcha to provide SMS services to its customers at fair and reasonable rates.

11. Section 4.2 of the Subject Agreements allowed Ringcaptcha to withhold payments for any portion of Infobip's invoices that Ringcaptcha disputed in good faith until the dispute was resolved.

12. Section 13.1 of the Subject Agreements states that "INFOBIP warrants that INFOBIP Services shall be performed with reasonable care and skill with the objective of meeting its obligations under this Agreement."

13. Schedule 1 of the Subject Agreements states, *inter alia*:

> INFOBIP is in every instance entitled to pass on price increase by email to [Ringcaptcha], arising from an obligation pursuant to legislation and regulations, from an increase in the purchase price of messages or from rates changes effected by Network Operators. Changes Shall apply immediately unless if specified different on the rate list.
>
> INFOBIP shall make reasonable efforts to notify [Ringcaptcha] in advance of such price change.

14. Paragraph 1 of Schedule 2 of the Subject Agreements states that "INFOBIP Services (as defined in the Agreement) features a solution that shall enable [Ringcaptcha] to deliver mobile terminated SMS to multiple mobile networks worldwide through the Platform."

15. Paragraph 3(d) of the Subject Agreements states that "[i]n the provision of the INFOBIP Services, and in addition to the provisions set forth under the Agreement, INFOBIP shall: Manage all contractual relationships with Network Operators to ensure the operability of the INFOBIP Services...."

16. Over the course of the Subject Contracts, RingCaptcha was serving SMS traffic to its customers, including its largest customer (the "Key Customer"), which is a multinational company with offices in Pakistan and Saudi Arabia that qualifies for domestic SMS pricing in both countries.

17. The difference between domestic SMS pricing and international SMS pricing is, and at all times material hereto was, significant. Based upon information and belief, InfoBip



Howard & Howard

wrongfully charged international SMS pricing for RingCaptcha's customers, including its Key Customer, when RingCaptcha's customers, including its Key Customer, qualified for domestic SMS pricing.

18. InfoBip provided domestic pricing to Ringchaptcha 46% of the time from July 2018 to April 2019. This is despite starting at 100% domestic pricing at the start of 2018, and moving lower without justification. During this time, the amount of usage, and usage through different carrier networks (domestic telecom companies), varied greatly.

19. In June 2019, acting in bad faith and without making reasonable efforts to notify RingCaptcha in advance, InfoBip increased the minimum price per SMS domestically in Pakistan from $0.007 to a minimum of $0.025 (3.57x). In the next eight months, the "minimum" price offered to RingCaptcha in Pakistan increased another 2x, settling 34% higher again, or 4.7x higher than it was less than a year earlier. This is despite a tripling in SMS usage being routed through InfoBip, implying that zero economies of scale exist within InfoBip's pricing model, or conversely price gouging is taking place.

20. A similar pricing dynamic occurred within the geography of Saudi Arabia. Initially, 100% of the pricing received by RingCaptcha, on behalf of its Key Customer, was at the domestic pricing. However, over time the average price per SMS increased, just like in Pakistan, and the May/June 2019 point in time saw a correlated price increase of more than 2x average price per SMS.

21. InfoBip effected these price increases without making reasonable efforts to notify RingCaptcha of the price increase in advance, or any indication around changes in international versus domestic pricing changes in policy, in bad faith. There is no legitimate reason why RingCaptcha's usage was billed at the domestic price predominantly at the beginning of the Subject Contracts, and ended being charged 2.81 times the domestic rate two years later.

22. InfoBip's bad faith price gouging caused RingCaptcha to lose its Key Customer as a customer despite the feature advantages that RingCaptcha offered because InfoBip was charging international SMS pricing for RingCaptcha's Key Customer SMS (i.e., the pricing RingCaptcha



Howard & Howard

had to pass on to break even) when its Key Customer clearly qualified for domestic SMS pricing in Pakistan and Saudi Arabia.

23. Moreover, InfoBip's bad faith price gouging and the subsequent loss of RingCaptcha's Key Customer, caused the valuation of RingCaptcha to decrease by more than approximately $4,000,000.00 from March 2019 (internally valued at approximately $4.56 million) to June 2022 (internally valued at approximately $328,000).

24. But for InfoBip's bad faith price gouging and the subsequent loss of its Key Customer, RingCaptcha could have increased its profits by approximately $40,000.00 per month based on its conservative growth potential.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

25. RingCaptcha realleges and hereby incorporates by reference all prior allegations in this Counterclaim as if they were fully set forth herein.

26. The Subject Contracts are binding and enforceable contract between RingCaptcha, on the one hand, and InfoBip, on the other.

27. RingCaptcha breached the Second Agreement in bad faith by:

a. failing to make reasonable efforts to notify Ringcaptcha in advance of SMS price changes and/or related policy changes;

b. failing to perform the services, including the setting of fair prices and reasonable advance notification of price changes and/or related policy changes, "with reasonable care and skill with the objective of meeting the obligations under the [Subject] Agreement[s]";

c. wrongfully charging international SMS pricing for RingCaptcha's customers, including its Key Customer, when RingCaptcha's customers, including its Key Customer, qualified for domestic SMS pricing; and

d. failing to manage its contractual relationships with Network Operators to ensure RingCaptcha's customers were charged



Howard & Howard

domestic SMS pricing for all such customers who qualified for domestic SMS pricing.

28. As a result of InfoBip's failure to honor its contractual obligations, RingCaptcha has incurred special consequential damages for lost profits, lost business value, and lost business relationships, and lost opportunity well in excess of $75,000.00.

29. Because RingCaptcha's damages were caused by InfoBip's bad faith, gross negligence, and/or willful misconduct, no limitations of liability set forth in the Subject Contracts apply.

30. It has been necessary for RingCaptcha to retain the services of attorneys to defend against InfoBip's lawsuit that seeks to recover further money based on its misconduct and to pursue this claim, and RingCaptcha is therefore entitled to recover its reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

31. RingCaptcha realleges and hereby incorporates by reference all prior allegations in this Counterclaim as if they were fully set forth herein.

32. In every contract, including the Subject Contracts, each party thereto makes an implied covenant of good faith and fair dealing to the other.

33. The Subject Contracts are binding and enforceable contract between RingCaptcha, on the one hand, and InfoBip, on the other.

34. Thus, RingCaptcha and InfoBip owed each other a duty of good faith and fair dealing.

35. RingCaptcha has at all times acted in good faith with respect to InfoBip.

36. InfoBip has breached its duty of good faith by engaging in the wrongful and bad faith conduct described hereinabove.

37. InfoBip's conduct was unfaithful to the purpose and spirit of the Subject Contracts and is inconsistent with InfoBip's justified expectations thereunder.



Howard & Howard

38. As a result of InfoBip's breach of the implied covenant of good faith and fair dealing, RingCaptcha has incurred special consequential damages for lost profits, lost business value, and lost business relationships, and lost opportunity in excess of $75,000.00.

39. Because RingCaptcha's damages were caused by InfoBip's bad faith, gross negligence, and/or willful misconduct, no limitations of liability set forth in the Subject Contracts apply.

40. It has been necessary for RingCaptcha to retain the services of attorneys to defend against InfoBip's lawsuit that seeks to recover further money based on its misconduct and to pursue this claim, and RingCaptcha is therefore entitled to recover its reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF

### Breach of Fiduciary Duty

41. RingCaptcha realleges and hereby incorporates by reference all prior allegations in this Counterclaim as if they were fully set forth herein.

42. InfoBip owed RingCaptcha a fiduciary duty based on a special relationship resulting from the SMS services to be provided under the Subject Agreements, and by extension, facilitated to Ringcaptcha's customers being dependent upon Infobip's relationships with various Network Operators and/or governments, including without limitation Infobip's knowledge and/or influence regarding those Network Operators and/or governments setting SMS prices and/or related policies.

43. RingCaptcha reasonably relied on its relationship with InfoBip and trusted that InfoBip would act in the best interests of RingCaptcha and in accordance with InfoBip's express and implied contractual obligations to allow Ringcaptcha to provide SMS services to its customers at fair and reasonable rates.

44. InfoBip breached its fiduciary duty by:

a. failing to make reasonable efforts to notify Ringcaptcha in advance of SMS price changes and/or related policy changes;

a. failing to perform the services, including the setting of fair prices and reasonable advance notification of price changes and/or related







Howard & Howard

policy changes, "with reasonable care and skill with the objective of meeting the obligations under the [Subject] Agreement[s]";

b. wrongfully charging international SMS pricing for RingCaptcha's customers, including its Key Customer, when RingCaptcha's customers, including its Key Customer, qualified for domestic SMS pricing; and

c. failing to manage its contractual relationships with Network Operators to ensure RingCaptcha's customers were charged domestic SMS pricing for all such customers who qualified for domestic SMS pricing.

45. As a result of InfoBip's breach of its fiduciary duty, RingCaptcha has incurred special consequential damages for lost profits, lost business value, and lost business relationships, and lost opportunity well in excess of $75,000.00.

46. Because RingCaptcha's damages were caused by InfoBip's bad faith, gross negligence, and/or willful misconduct, no limitations of liability set forth in the Subject Contracts apply.

47. InfoBip's actions were intentional, willful and malicious, which entitles RingCaptcha to also recover punitive and exemplary damages.

48. It has been necessary for RingCaptcha to retain the services of attorneys to pursue this claim and it is entitled to recover its reasonable attorneys' fees.

**FOURTH CLAIM FOR RELIEF**

**Negligence**

49. RingCaptcha realleges and hereby incorporates by reference all prior allegations in this Counterclaim as if they were fully set forth herein.

50. By agreeing to performs services under the Subject Agreements for the direct benefit of RingCaptcha and the indirect benefit of RingCaptcha's customers, InfoBip owed a duty to RingCaptcha use reasonable care to, *inter alia*:



Howard & Howard

a. make reasonable efforts to notify Ringcaptcha in advance of SMS price changes and/or related policy changes;

b. perform the services, including the setting of fair prices and reasonable advance notification of price changes and/or related policy changes;

c. charge domestic SMS pricing for RingCaptcha's domestic customers, including its Key Customer; and

d. properly manage its contractual relationships with Network Operators to ensure RingCaptcha's customers were charged domestic SMS pricing for all such customers who qualified for domestic SMS pricing.

51. InfoBip breached its foregoing duty of care by:

a. failing to make reasonable efforts to notify Ringcaptcha in advance of SMS price changes and/or related policy changes;

b. failing to failing to reasonably set fair prices and give reasonable advance notification of price changes and/or related policy changes;

c. wrongfully charging international SMS pricing for RingCaptcha's customers, including its Key Customer, when RingCaptcha's customers, including its Key Customer, qualified for domestic SMS pricing; and

d. failing to manage its contractual relationships with Network Operators to ensure RingCaptcha's customers were charged domestic SMS pricing for all such customers who qualified for domestic SMS pricing.

52. As a result of InfoBip's breach of its fiduciary duty, RingCaptcha has incurred special consequential damages for lost profits, lost business value, and lost business relationships, and lost opportunity in excess of $75,000.00.



Howard & Howard

53. It has been necessary for RingCaptcha to retain the services of attorneys to pursue this claim and it is entitled to recover its reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, RingCaptcha prays for Judgment against InfoBip as follows:

1. For judgment in favor of RingCaptcha and against InfoBip;

2. For an award of compensatory, incidental and consequential damages in favor of RingCaptcha and against InfoBip to be proven in discovery and/or at trial;

3. For an award of exemplary and/or punitive damages in favor of RingCaptcha and against InfoBip to be determined at trial;

4. For an award of attorney fees and costs;

5. For pre-judgment and post-judgment interest at the maximum rate allowable by law on all amounts due; and

For such other and further relief as this Court deems just and proper.

DATED this 9th day of September, 2022.

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ *John J. Savage*
JOHN J. SAVAGE, ESQ.
Nevada Bar No. 11455
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
jjs@h2law.com

*Counsel for Defendant/Counterclaimant Ringcaptcha, Inc.*



Howard & Howard

# CERTIFICATE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE

I hereby certify on September 9, 2022, I caused a true and accurate copy of the foregoing document entitled, **DEFENDANT RINGCAPTCHA'S ANSWER TO COMPLAINT AND COUNTERCLAIM,** to be electronically filed with the Clerk of the Court using CM/ECF service to the parties below.

Sean P. Flynn, Esq.
Thierry V. Barkley, Esq.
GORDON REES SCULLY MANSUKHANI LLP
1 East Liberty Street, Suite 424
Reno, Nevada 89501

*Attorneys for Plaintiff/Counterdefendant*
*Infobip, Ltd.*

Executed on September 9, 2022 at Las Vegas, Nevada.

*/s/Amber Clayton*
An employee of Howard & Howard Attorneys PLLC