SEAN P. FLYNN, ESQ.
Nevada Bar No. 15408
THIERRY V. BARKLEY, ESQ.
Nevada Bar No. 724
**GORDON REES SCULLY MANSUKHANI, LLP**
1 East Liberty Street, Suite 424
Reno, NV 89501
Telephone:     (775) 467-2610
Facsimile:     (775) 460-4901
E-mail:        sflynn@grsm.com
               tbarkley@grsm.com

*Attorneys for Plaintiff/*
*Counterdefendant*
Infobip, Ltd.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INFOBIP, LTD., a United Kingdom Private Limited Company, <br><br> Plaintiff, <br><br> vs. <br><br> RINGCAPTCHA, INC., a foreign Delaware Corporation, and et al, <br><br> Defendant. | CASE NO.  2:22-cv-01244-APG-BNW <br><br> **PLAINITIFF/ COUNTERDEFENDANT'S REPLY TO COUNTERCLAIM** |

And Related Counterclaim

COMES NOW, INFOBIP, LTD, (Plaintiff/Counterdefendant)a Private Limited Company, registered in the United Kingdom, (hereinafter "INFOBIP"), by and through its counsel of record Gordon Rees Scully and Mansukhani LLP and files this Reply to Defendant's Counterclaim as follows:

### PARTIES

1.    In Answer to par. 1, Counterdefendant admits the allegation.

2.    In Answer to par. 2, Counterdefendant admits the allegations.

21.   In Answer to par. 21, Counterdefendant denies the allegations.

22.   In Answer to par. 22, Counterdefendant denies the allegations.

23.   In Answer to par. 23, Counterdefendant denies the allegations.

24.   In Answer to par. 24, Counterdefendant denies the allegations.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

25.   In Answer to par. 25, Counterdefendant repeats and realleges its answers to each and every allegation in paragraphs 1-24 as if though fully set forth herein.

26.   In Answer to par. 26,  Counterdefendant admits the allegations.

27.   In Answer to par, 27, Counterdefendant denies the allegations.

28.   In Answer to par. 28, Counterdefendant denies the allegations.

29.   In Answer to par. 29, Counterdefendant denies the allegations.

30.   In Answer to par. 30, Counterdefendant denies the allegations.

## SECOND CLAIM FOR RELIEF

### (Breach of the Implied Covenant of  Good Faith and Fair Dealing)

31.   In Answer to par. 31, Counterdefendant repeats and realleges its answers to each and every allegation in paragraphs 1-30 as if though fully set forth herein.

32.   In Answer to par. 32, Counterdefendant denies the allegations.

33.   In Answer to par. 33, Counterdefendant admits the allegations.

34.   In Answer to par. 34, Counterdefendant denies the allegations.

35.   In Answer to par. 35, Counterdefendant denies the allegations.

36.   In Answer to par. 36, Counterdefendant denies the allegations.

37.   In Answer to par. 37, Counterdefendant denies the allegations.

38.   In Answer to par. 38, Counterdefendant denies the allegations.

39.   In Answer to par. 39, Counterdefendant denies the allegations.

40.   In Answer to par. 40, Counterdefendant denies the allegations

///

///

## THIRD CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

41.    In Answer to par. 41, Counterdefendant repeats and realleges its answers to each and every allegation in paragraphs 1-40 as if though fully set forth herein.

42.    In Answer to par. 42, Counterdefendant denies the allegations.

43.    In Answer to par. 43, Counterdefendant denies the allegations.

44.    In Answer to par. 44, Counterdefendant denies the allegations.

45.    In Answer to par. 45, Counterdefendant denies the allegations.

46.    In Answer to par. 46, Counterdefendant denies the allegations.

47.    In Answer to par. 47. Counterdefendant denies the allegations.

48.    In Answer to par. 48, Counterdefendant denies the allegations.

## FOURTH CLAIM FOR RELIEF

### (Negligence)

49.    In Answer to par. 49, Counterdefendant repeats and realleges its answers to each and every allegation in paragraphs 1-48 as if though fully set forth herein.

50.    In Answer to par. 50, Counterdefendant denies the allegations.

51.    In Answer to par. 51, Counterdefendant denies the allegations.

52.    In Answer to par. 52, Counterdefendant denies the allegations.

53.    In Answer to par. 53, Counterdefendant denies the allegations.

## AFFIRMATIVE ANSWERS

## FIRST DEFENSE

### (Failure to State a Claim)

Counterclaimant's Complaint, and each and every claim for relief therein, fails to state facts sufficient to state a viable claim against Plaintiff upon which relief can be granted.

## SECOND DEFENSE

### (Forum Contractual Choice of Law)

The subject agreement has a contractual choice of law applying the laws of England to this dispute. The choice of law is a valid contractual choice of law regardless of the defense of

1  adhesion and unconscionability.  English law governs this commercial dispute.

2  **THIRD DEFENSE**

3  **(Application of English Law)**

4  Applying English law to this commercial dispute, the Counterclaimant's claims for relief

5  breach of the implied covenant of good faith, breach of fiduciary duty, punitive damages are not

6  valid claims.

7  **FOURTH DEFENSE**

8  **(Contractual Limitations on Claims)**

9  Subject to the contractual limitations on liability, the Counterclaimant's claims for relief

10  are barred from claims for any loss of profits, revenue, anticipated profits or business, or for any

11  indirect, incidental, consequential, special, punitive or exemplary damages.

12  **FIFTH DEFENSE**

13  **( CISG PREEMPTION)**

14  The underlying contractual agreement is subject to the United Nations Convention on

15  Contracts for the International Sales of Goods (CISG). As a matter of U.S. Law this is deemed

16  applicable domestic law to all U.S. states. This agreement is subject to Federal law which

17  preempts any conflicting law under the "supremacy clause" of the U.S. Constitution. The CSIG

18  supercedes the Nevada law applicable to its Uniform Commercial Codes, which includes the

19  doctrine of unconscionability.

20  **SIXTH DEFENSE**

21  **(Waiver)**

22  Counterclaimant's claims are barred, in whole or in part, due to Counterclaimant's failure

23  to comply with the contract's requirements for notice of disputes in accordance with a 30 day

24  notice provision(s).

25  **SEVENTH DEFENSE**

26  **(Punitive Damages)**

27  Under Nevada law, both the U.S. Constitution and the Nevada law applicable to same,

28  bar excessive punitive damages under a ratio limitations doctrine. This is applied under the Due

Process Clause of the Fourteenth Amendment, and Excessive Fines Clause of the Eighth

Amendment. Furthermore, under NRS 42.005(1)(a)(b), punitive damages are capped.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff/Counterclaimant prays for the following:

1.    That Counterclaimant take nothing from Plaintiff by way of its Counterclaim;

2.    That this Court dismiss the Counterclaim with prejudice.

3.    For an award of cost of suit and attorney's fees and costs according to the English law.

4.    For an award of costs of suits and attorney's fees in accordance with American law.

5.    For such other relief as this Court deems just and proper in the premises.

DATED this 21st day of October 2022.

GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/  Thierry V. Barkley*
SEAN P. FLYNN, ESQ.
THIERRY V. BARKLEY, ESQ.
*Attorneys for Plaintiff/
Counterdefendant* Infobip, Ltd.

1

## CERTIFICATE OF SERVICE

2   I hereby certify that on the 21ˢᵗ day of October 2022, I caused a true and accurate copy

3   of the foregoing document entitled, **PLAINTIFF'S/COUNTERDEFENDANT'S REPLY TO**

4   **COUNTERCLAIM**, to be electronically filed with the Clerk of the Court using CM/ECF

5   service to parties listed below:

6

7   John J. Savage, Esq.
    Howard & Howard Attorneys PLLC
8   3800 Howard Hughes Parkway, Suite 1000
    Las Vegas, NV  89169

9

10   _/s/  Sam Baker_
     An employee of GORDON REES
11   SCULLY MANSUKHANI, LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28