JOHN J. SAVAGE, ESQ.
Nevada Bar. No. 11455
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
jjs@h2law.com

*Counsel for Defendant*
*Ringcaptcha, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INFOBIP, LTD., a United Kingdom Private Limited Company,<br><br>Plaintiff,<br>vs.<br><br>RINGCAPTCHA, INC., a foreign Delaware Corporation, and DOES 1 through 10,<br><br>Defendants. | Case No. 2:22-cv-01244-APG-BNW<br><br>**STIPULATION AND ORDER TO EXTEND TIME AND FOR ENTRY OF SECOND AMENDED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SECOND REQUEST)** |

Pursuant to LR IA 6-1, LR IA 6-2, and LR 26-3, Plaintiff INFOBIP, LTD. ("Plaintiff") and Defendant RINGCAPTCHA, INC. ("Defendant"), by and through their undersigned counsel, hereby submit this Stipulation and Order to Extend Time and for Entry of Amended Discovery Plan and Scheduling Order (First Request). This is the **second request** for an extension of time concerning this case's discovery deadlines and seeks to extend the discovery deadline by 270 days.

On October 27, 2022, the parties submitted their proposed Discovery Plan, Scheduling Order and Special Scheduling Review, which, *inter alia*, requested a 240 day limit for completing discovery for the following reasons:

    a.    This matter involves a series of international transactions between two companies involving messaging services. The contract dispute arose as a

            result of price increase, which Defendant alleges were not communicated in advance, nor in a timely manner.

    b.    The parties believed ESI evidence for discovery purposes would involve servers abroad including London, United Kingdom, Vancouver, British Colombia, and one (1) local server for the defendant/counterclaimant, Ringcaptcha.

    c.    The parties anticipated foreign depositions would be required and include depositions in London. The parties were willing to accommodate remote appearances for international depositions.

    d.    The parties anticipated discovery in Pakistan and Saudi Arabia would have to proceed.

(ECF No. 17.)

As a result, the Court ordered the same and effectively set the discovery deadline as May 8, 2023 given that May 7, 2023 is a Sunday pursuant to the Court's Order Granting Discovery Plan and Scheduling Order. (ECF No. 18.)

A First Request by Stipulation and Order was made and entered by this Court on April 17, 2023 granting an additional 90 days with a close of discovery on August 7, 2023.(ECF 21).

**A.**    **Statement specifying the discovery completed**

1.    On December 7, 2022, Defendant served its Initial FRCP 26(a) Disclosure.

2.    On December 8, 2022, Plaintiff served its Initial FRCP 26(a) Disclosure.

3.    On March 8, 2023, Plaintiff served its first sets of interrogatories, requests for production, and requests for admissions.

4.    On March 16, 2023, Defendant served its first sets of interrogatories, requests for production, and requests for admissions.

5.    On May 4, 2023, Defendant served its responses to Plaintiff's Rule 36 requests.

6.    On June 2, 2023, Defendant served its responses to Plaintiff's Rule 33 contention interrogatories and Rule 34 responses.

7. On June 2, 2023 Defendant served a First Supplemental Disclosures FRCP 26(a).

8. On June 23, 2023, Plaintiff served its responses to Defendant's Rule 36 requests and its Rule 33 answers to Defendant's contention interrogatories.

9. On June 23, 2023, Plaintiff served its responses to Defendant's Rule 34 responses subject to a privilege log which was a draft work in progress.

10. On July 17, 2023, Plaintiff served its Supplemental Rule 34 production together with its privilege log and related First Supplemental Disclosures under FRCP 26(a).

**B.     Specific description of the discovery that remains to be completed**

The parties agree that they need an additional 270 days for these depositions:

1. Deposition of Plaintiff's FRCP 30(b)(6) designee Tea Olujić who works and resides in Croatia.

2. Deposition of Plaintiff's corporate witness who works and resides in London.

3. Deposition of Defendant's President who works and resides in Las Vegas.

4. Deposition of Defendant's witness James Crennan, Xenon Partners, the sole shareholder of Ringcaptcha Inc. either by the Hague Convention or by stipulation. Mr. Crennan works and resides in Sydney, New South Wales, Australia.

5. Deposition of Defendant's witness Feroz Jaleel, Careem Networks, who works and resides in Dubai, UAE, by stipulation only. The UAE is not a signatory to the Hague Convention on Evidence and Depositions.

6. Deposition of Defendant's Rule 30(b)(6) Designee Woolworth's Group Limited located in Baulkam Hills, NWS Australia.  This was witness was first disclosed June 2, 2023 and Australia is subject to the Hague Convention which would entail 6 to 7 months to process and serve.

7. Deposition of Defendant's Rule 30(b)(6) Designee Admiral Sportwetten, Austria. This witness was also first disclosed June 2, 2023.  Austria does not follow the Hague Convention and no depositions are allowed.

8. Deposition of Defendant's Rule 30 (b)(6) Designee Lenddo EFL Singapore. This witness was first disclosed on June 2 2023. Singapore is a member of the Hague Convention and depositions may only be initiates through Letters of Request to the Singapore Central Authority for the Convention. Letters request for execution and service usually are six months.

**C. The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan**

1. The parties engaged in written discovery and related discovery response and exchanges. Both parties produced extensive documentation and as part of this process both parties received courtesy extensions.

2. The Parties did not Notice respective depositions until this discovery process was completed.

3. The Parties agree that amending the Order Granting Discovery Plan and Scheduling Order is necessary to accommodate the parties' courtesy extensions and to complete depositions and submit the foregoing establishes good cause for this last extension.

**D. [Proposed] schedule for completing all remaining discovery**

1. The deadline for completion of discovery shall be extended to **May 6, 2024.**

2. The deadline for motions to amend the pleadings or adding parties shall remain closed.

3. The deadline for the completion of expert witness disclosures shall remain closed.

4. The deadline for filing dispositive motions shall be extended to be no later than 30 days after the discovery cut-off or **June 10, 2024.**

5. The date by which the parties shall file a joint pre-trial order shall be extended to no later than 30 days after the dispositive motion deadline, or **July 15, 2024.**

6. In the event a dispositive motion is filed, or are filed, a the date for filing a joint pretrial order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of this court.

This stipulation is brought in good faith and not for purposes of delay. Upon the Court approving this Stipulation and Order, it shall serve as the Second Amended Discovery Plan and Scheduling Order applicable and controlling in this case.

| Dated this 17th day of July 2023. | Dated this 17th day of July 2023. |
|---|---|
| **HOWARD & HOWARD ATTORNEYS PLLC** | **GORDON REES SCULLY MANSUKHANI LLP** |
| By: */s/ John J. Savage* <br> JOHN J. SAVAGE, ESQ. <br> Nevada Bar. No. 11455 <br> 3800 Howard Hughes Parkway, Suite 1000 <br> Las Vegas, Nevada 89169 <br> *Counsel for Defendant Ringcaptcha, Inc.* | By: */s/ Sean P. Flynn* <br> SEAN P. FLYNN, ESQ. <br> Nevada Bar No. 15408 <br> THIERRY V. BARKLEY, ESQ. <br> Nevada Bar No. 724 <br> 1 East Liberty Street, Suite 424 <br> Reno, Nevada 89501 |

### ORDER

**IT IS SO ORDERED**

**DATED:** 12:02 pm, July 18, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

4869-8544-3697, v. 1